## JOHN BERRIGAN *vs.* ZOPHAR PEARSALL.

A creditor who fails to present his claim to the commissioners on the insolvent estate of a deceased person within the time limited by the probate court, is not thereby debarred from availing himself of the claim as an offset against a demand afterwards made upon him by the administrator for a debt claimed to have been due to the decedent.

ASSUMPSIT; brought to the City Court of the city of Water-bury, and tried to the court, upon the general issue, with notice of a set-off, before *Fields, J.* Facts found and judg-ment rendered for the plaintiff, denying the set-off. Motion in error by the defendant to the Superior Court, and a reser-vation of the case by that court for advice. The case is fully stated in the opinion.

*S. W. Kellogg*, for the plaintiff in error.

*J. O'Neil*, with whom was *J. W. Webster*, for the defendant in error.

GRANGER, J. The defendant assigns as error in this case that the court held that the sum of three hundred dollars, found to have been loaned by him to Thomas Hennelly, deceased, whose estate was in settlement as an insolvent estate, could not be set off against a claim which Hennelly had against him in his life time, and for which the plaintiff, who holds the claim by assignment, has brought the present suit.

The finding shows that Hennelly had an account on book against the defendant, at the time of his death, amounting to $118.09. This account, with a large number of others on Hennelly's books, was sold by the administrators of his estate by order of the court of probate, for the sum of $25, and they were bought by the plaintiff for the benefit of Hennelly's widow, who was a sister of the plaintiff, and one of the administrators of the estate. It also appears by the finding that the defendant had lent to Hennelly in his life time the sum of $300, which had never been paid, and that this sum was justly due to him at the time of Hennelly's death, less the amount of Hennelly's book account ($118.09), so that it appears that there was a balance justly due the defendant, at the time of Hennelly's death, of $181.91. Hennelly's estate was represented insolvent, commissioners were ap-pointed, and notices given according to law. The defendant did not present any claim against the estate, and for this reason solely the court below held that he was not entitled to

Berrigan v. Pearsall.

an offset of so much of his claim as would balance the amount of the claim against him appearing on Hennelly's book.

We can hardly conceive anything more inequitable than the claim made by the plaintiff in this case, especially in view of the fact that he is suing here for the benefit of the widow of the deceased, his sister, who, it is reasonable to presume, knew of the transactions between her husband and the defendant, and that the defendant was not indebted to the estate but the estate to him at the time of her husband's death; and also in view of the fact that this account with a large number of others was sold by the administrators, the widow, and sister of the plaintiff, and the person to be benefited by this judgment, being one of them, for the sum of $25. The whole transaction is so grossly inequitable that it ought not to be sanctioned by any court, unless there is some rigid rule of law requiring it.

We know of no rule that requires us to come to any such result, and the plaintiff cites no case, and gives no reason satisfactory to us, in support of the judgment of the City Court.

The sole ground upon which the decision of that court rests is, that the defendant did not present his claim to the commissioners on the estate. In this the judge clearly mistook the law and the construction of the statute relating to the presentation of claims against insolvent estates. That statute provides that " every creditor of an insolvent estate who shall not exhibit his claim to the commissioners within the time limited, shall be debarred of his claim against said estate." Gen. Statutes, page 389, sec. 10. This is simply a statute of limitations. If the party neglects to present his claim within the time limited he loses his right of action against the estate. So in the case of book debt, assumpsit, etc., if the plaintiff for six years neglects to bring his suit, he is debarred from his right to recover, but the debt in this case remains the same; it is not paid by lapse of time. It is just as much a debt at the end of six years as it was at the end of the first year, and may be recovered, provided the plaintiff can prove

a subsequent promise to pay. So in the case before us, the debt was not paid by the defendant's omission to present it to the commissioners; it was justly and equitably his due, as much after as before the expiration of the time limited, but by reason of the statute he was deprived of his remedy and could not enforce its payment. But it by no means follows that he could not make it available as an offset against a claim in favor of the estate upon an indebtedness of the defendant to the deceased in his life time.

The exhibition of a claim to the commissioners on an insolvent estate is a process to collect debts in a legal and known manner. 1 Swift's Dig., 307. The statute in question bars the remedy, but does not cancel the debt. *Belknap* v. *Gleason*, 11 Conn., 164.. This claim of the defendant then was a just and equitable claim, and although he could not enforce it, he might well set it up to countervail the claim of the plaintiff, who is only the representative of Hennelly, and has no greater rights than he would have had if he was now living and was plaintiff in the suit.

There is manifest error in the judgment of the City Court.

In this opinion the other judges concurred.