S. S. MATTHEWS v. E. F. ROBINSON.

No. 339.

BURDEN OF PROOF — *Settlement between Attorney and Client — Misrepresentation by Attorney.* In the fall of 1887, M. through his agent employed R. as attorney to put into judgment a certain note. In November, 1891, the maker, without execution ever having been issued, paid to R., as attorney of record in the case, $1589.15, the amount of the judgment and interest. In the spring of 1892, M. wrote to R. asking if the payment had been made, and R. answered evasively. M. again wrote R. demanding to know if he had received the money, and again R. answered evasively. M. then went to R.'s place of residence and R. admitted the receipt of the money, and claimed that he had a contract in parol with the agent for one-half of the proceeds of the note, as fees. After some contention, M. was induced by the representations of R. that he had such a contract and that he could prove the same to permit R. to retain $389.15 and to accept $1200 in full payment. M. brought this suit to recover the balance, and R. answered, relying upon the settlement as a defense. *Held,* That the burden was upon R. to prove that the settlement was fair, and was entered into by M. without any fraud or misrepresentations on the part of R.

Error from the Shawnee circuit court; J. B. JOHN-SON, judge. Opinion filed May 4, 1898. Reversed.

*Stebbins & Evans,* for plaintiff in error.

*R. B. Welch,* and *E. F. Hilton,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : Matthews sued Robinson to recover a balance of $389.15 collected by Robinson, as attorney at law for him, upon a judgment. The defendant answered denying generally that there was anything due from him to the plaintiff, and further alleging that the $1200 paid by him to the plaintiff as a part of the money collected was paid by him and accepted by the plaintiff in full settlement, satisfaction and discharge

Matthews v. Robinson.

of the cause of action set forth in the plaintiff's petition. The case was tried to a jury, and resulted in a verdict for the defendant.

The jury made special findings : (1) That the original contract was that Robinson should receive $25 for his services in the case, and no more ; (2) that at the time the compromise was made and the $1200 paid, Matthews had been informed by his agent, Lewers, who made the contract, that there was a provision for a $25 fee only ; (3) that Matthews knew where Lewers lived and could in a reasonable time have communicated with him ; (4) that Matthews could have discovered all of the facts in the possession of his agent, Lewers, by the exercise of reasonable diligence ; (5) that Matthews had not, before the settlement or compromise, communicated with Lewers as to the terms of the contract with Robinson ; (6) that it was agreed between the parties that the payment of the $1200 should be a final settlement of the differences between them ; (7) that Robinson's statement to Matthews, during the course of their difficulty preceding the compromise, caused Matthews to believe that his agent, Lewers, had contracted to pay Robinson one-half of what he might be able to collect on the note, as claimed by Robinson ; (8) that Matthews, at the time of the settlement, had means of ascertaining from Lewers or other persons the nature of the original contract ; (9) that the written receipt, given at the time of the settlement, contained the entire contract between them ; (10) that there was no consideration for signing the receipt and making the settlement, save the $1200, except that it was a settlement of a controversy.

The court instructed the jury that such a settlement between parties having disputes in relation to their

transactions was ordinarily conclusive and binding upon both the parties ; that where there is a dispute between the parties as to the amount of a debt due from one to the other and they finally agree that a payment of a part of the amount claimed shall be in full payment, such payment will constitute a valid accord and satisfaction of the entire debt; that such settlements of disputes between parties are favored by law and cannot be opened up or set aside except for fraud or mutual mistake ; and, in substance, that if the jury should believe that the settlement was obtained by Robinson by falsely and intentionally representing to Matthews that he had a contract with Lewers for one-half of the amount collected, and that Matthews believed such statement to be true and relied upon its truthfulness and, so relying, was deceived, and was induced to accept less money than he would otherwise have accepted, then he should not be held thereby ; but he must first show that it was solely by virtue of such misrepresentation that he was induced to make the settlement, and for such representations to be available to him they must be respecting matters of which he had no knowledge himself nor means at his command by which, with reasonable diligence, such as an ordinarily prudent man would ordinarily employ, he would have ascertained the facts ; that if the plaintiff knew at the time he made the settlement that Lewers claimed he had contracted with the defendant for a twenty-five-dollar fee and no more, and that, having this knowledge regarding the facts, they made the settlement allowing the defendant $389.15 for his fees, Matthews receiving the $1200 in full of his demand, then the settlement was binding on him ; and further, that although at the time he made the settlement Matthews was in doubt as to whether

Lewers had agreed to pay a contingent fee of one-half of the debt, yet the settlement could not be avoided by Matthews on that ground, for the reason that he subsequently discovered testimony tending to prove that such was not the case ; that he must have absolutely relied upon the false statements ; that he must not have doubted them in the least, because if he did doubt or have any reason to doubt the truthfulness of the statements, he had no right to rely upon them ; that the burden was upon the plaintiff to show that the contract was for twenty-five dollars and no more ; that the burden was upon the plaintiff to show that the representations made by the defendant at the time of the settlement were false, and the burden was upon him to prove that he believed them and relied on them.  Finally, after the jury had been out some time and came in for additional instructions, after a lengthy conversation between the foreman and the court and the other members of the jury, the court said to them :

"After all, the matter turns upon what information Matthews had when he went there.  If he had information when he went there from Lewers that the contract was for twenty-five dollars, he had all the information he could have unless he got information from other parties who were there, as Judge Lawrence. But if he had information from Lewers when he went there — and that is for you to say — and while in the possession of that information he made the settlement, then he is now bound, no difference whether he changed his mind or not.  Gentlemen of the jury, if you are of the opinion that this will assist you in any way, you may retire to the jury-room."

So the court told the jury that in order to avoid this settlement and compel the attorney to pay over the remainder of the money collected by him, Mat-

thews must not only prove all the facts necessary thereto, as in ordinary cases, but that if in the first instance he had any information contrary to what his attorney claimed, it was incumbent upon him to disbelieve his attorney, notwithstanding any representations he might make ; and that, if he did believe his attorney, and rely upon his statements, notwithstanding they were false, and act thereupon, having been advised by his agent to the contrary, the attorney might retain the advantages he had derived by such false statements.

The rule laid down by the court is the ordinary rule between strangers, but it is not the rule applicable to dealings between attorney and client. If there is a suggestion of unfair dealing upon the part of an attorney, the burden of proof is upon him to show the honesty and good faith of the transaction, and that it was entered into by his client freely and understandingly, and is not upon the client to show that he was induced to enter into it by the false statements of his attorney. This rule applies to contracts for compensation as well as to any other contract between attorney and client respecting any matter in litigation or respecting anything in which the attorney is employed, and the attorney cannot make use of the relation between his client and himself to extort an unjust or unreasonable compensation. Courts will grant relief from such oppression and confine the attorney to a reasonable charge for his services.

Plaintiff had a right to recover all his money except a reasonable compensation for the services performed by the attorney ; and an adjustment between them respecting such compensation cannot be sustained unless entered into upon the part of the client with a perfect understanding, induced by honesty and

fair dealing upon the part of the attorney. The first, second and third assignments of error are based upon this erroneous enunciation of the rule of law governing the parties in the relation which subsisted between them. Counsel for plaintiff in error contend that the plaintiff was entitled to judgment upon the findings of the jury. This does not necessarily follow.

The judgment is reversed, with direction to the court below to sustain the motion for a new trial.