Gaither White COLLIER et al
*v.* Albert BRENT

CA 79-129                               589 S.W. 2d 198

Opinion delivered October 24, 1979
and released for publication November 16, 1979

*Hale, Fogleman & Rogers,* for appellants.

*Nance, Nance, Fleming & Wood,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This case was appealed to the Arkansas Supreme Court and was transferred to the Court of Appeals pursuant to Rule 29(3).

The appeal is from a decree of the Crittenden County Chancery Court quieting title to 146.84 acres of land in Crittenden County in Albert Brent, appellee, against appellants who are the children or successive descendants of W. E. White, who died in 1962 and was survived by Arrenner White and seven children by a former marriage.

Mr. White left a will, which was duly probated, leaving all real estate, not specifically devised, to his widow and children as life cotenants with the remainder to his grandchildren and successive descendants living at the date of death of the various life tenants.

Arrenner White married appellee, Mr. Brent, in 1963 and died intestate in 1973 leaving him as her sole heir at law.

Appellee alleged in his complaint to quiet title that he acquired title from his wife, Arrenner White Brent, under the law of intestate succession. The deeds by which title to the land in dispute was acquired in 1939 conveyed title to the disputed land to W. E. White and Arrenner White, his wife, and title was so held at the time of the death of Mr. White.

Appellants urge three points for reversal of the decree quieting title in Mr. Brent and these will be separately discussed.

## I.

Appellants contend that the court erred in holding Mrs. Brent did not waive and abandon title.

Appellants cite *Sirmon* v. *Roberts*, 209 Ark. 586, 191 S.W. 2d 824 (1946). The case as to waiver involves only a waiver of a right to receive written notice of intention to terminate a teacher's contract. We do not accept the case as authority for waiving or abandoning an interest in real estate.

Appellants also cite *Helms* v. *Vaughn*, 250 Ark. 828, 467 S.W. 2d 399 (1971). The case holds that one cannot divest himself of title to land by abandonment alone and that for abandonment to be effective there must not only be an intent on the owners part to relinquish his claim, but the intent must be accompanied by circumstances of estoppel and limitation, if the abandonment is not by a legal instrument of conveyance.

There was evidence offered that Mrs. White had made statements before and after the death of Mr. White that she did not want the land in question and the record shows the executor failed to take the marital deduction credit for the value of the land in the estate tax return by showing that this land passed to the widow. The land was included in Mr. White's estate tax return at a valuation of $30,000.00 but the return failed to claim the land as being a part of the marital deduction. This resulted in additional estate taxes in the aggregate amount of $8,669.93. The tax was paid out of the assets of the estate before distribution to appellants and they

contend the appellee, who now stands in the shoes of his predecessor, Arrenner White Brent, is estopped to claim the land because of disadvantages they say they suffered by reason of the larger estate taxes. We find and hold the evidence does not establish this extra tax burden was caused by Mrs. White. The estate tax return was the responsibility of Mr. Bird, the executor nominated in the will of Mr. White. Also, it is noted that Mrs. White did include the substantial rentals she received from this land during her eleven years of life after the death of Mr. White in the net distribution of rents she shared with appellants. They received seven-eighths of the net rentals from the land in dispute, along with other rents from estate lands, whereas Mrs. White as sole owner was entitled to receive all of the rent from the land in dispute. We are unable to say that appellants have in any way been disadvantaged by any actions of Mrs. White, even though they might be disappointed in that she never did execute any conveyance of the land to appellants.

## II.

Appellants contend the court erred in holding appellee was not estopped to assert ownership by the actions of Arrenner White Brent.

The doctrine of estoppel arises to prevent an injustice to one who has in good faith relied upon the action, representations or conduct of another to his detriment. *Baker-Matthews Lumber Co.* v. *Bank of Lepanto*, 170 Ark. 1146, 282 S.W. 995 (1926).

As we have already stated, the facts in the present action fail to disclose detrimental effects from any actions, representations or conduct of appellee or his predecessor in title, Mrs. Brent.

## III.

Appellants contend the court erred in holding Mr. Brent was not barred from asserting title by laches of Mrs. Brent.

It is contended the statements and actions of Mrs. Brent

indicating she claimed no interest in the land in dispute over a period of several years, coupled with the use of some of the rental proceeds from estate lands in paying taxes and maintenance on the land in issue and the collection of a five per cent commission on rents on estate lands, now bars appellee from asserting ownership under the doctrine of laches; and that Mr. Brent in waiting over four years to file his action to quiet title caused appellants to pay taxes on the property in dispute for three years after Mrs. Brent's death. Appellants were volunteers in paying taxes they had no duty to pay and such payments had no effect upon the title.

The evidence discloses no inexcusable delay in assertion of title. The tenant of the land in dispute instituted an interpleader action in Federal Court in 1974 making appellants and appellee parties and has paid rents into the register of the court in that action. As to Mrs. Brent, she exercised control over the leasing of the land during her life time, even though she shared the rent with the heirs of W. E. White. We find no basis for saying Mrs. Brent was guilty of laches that bars appellee from asserting title.

In *Avera v. Banks*, 169 Ark. 718, 271 S.W. 970 the court said:

> There is no hard and fast rule as to what constitutes laches. It is well settled that a court of equity may, in the exercise of its own inherent powers, refuse relief where it is sought after undue and unexplained delay, and where injustice would be done in the particular case by granting the relief asked. It is usually said that the two most important circumstances in such cases are the length of the delay and the nature of the acts done during the interval, which might affect either party and cause a balance of justice or injustice in taking the one course or the other in so far as it relates to the remedy. (Citing cases).

We find no injustice caused by any delay on the part of Mr. or Mrs. Brent in asserting title.

Unquestionably the record shows that Mrs. Brent was

the sole owner of the land in question upon the death of W. E. White, and the record does not warrant a conclusion upon any theory that the title passed in some fashion to the heirs of W. E. White.

The decree of the Chancellor was not against the preponderance of the evidence or contrary to law.

Affirmed.