260

## Paul D. MORRISS, Jr. *v.* B. J. WYNIA

CA 79-305                                    603 S.W. 2d 482
Court of Appeals of Arkansas
Opinion delivered September 17, 1980

*Patten, Brown, Leslie & Davidson*, by: *Charles A. Brown*, Little Rock, for appellant.

No brief for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellant brought suit seeking recovery of wages and expenses paid appellee while appellee attended a bowling equipment mechanics' school for four weeks with the understanding appellee would work for appellant at least a year. The suit also sought recovery of funds loaned appellee. The court at the conclusion of a trial without a jury found against the appellant and denied recovery of wages and expenses paid appellee while he

attended the school, and rendered judgment for appellant for the recovery of $300.00 for the unpaid part of a loan.

On appeal appellant contends the court erred in failing to enter judgment for appellant for recovery of wages and expenses paid appellee while attending the school on the ground appellee worked only seven weeks and four days for appellant after completing the special training and then quit. The evidence is undisputed that the parties had agreed orally that appellee would work at least a year for appellant upon completion of the training, that appellant paid appellee in wages and expenses $1300.00 while appellee took the special training, and that he quit his job with appellant after working less than eight weeks upon completion of the special training.

There was no evidence of any agreement that appellee would repay the wages and expenses paid appellee while he attended school in the event he failed to work a year for appellant. There was no allegation of damages sustained by appellant as a result of breach of the employment agreement by appellee. Likewise, there was no evidence of any actual damages suffered by appellant as a result of the breach. As stated in *Blair* v. *United States for Use and Benefit of Gregory-Hogan*, 150 F. 2d 676 (8th Cir. 1945), the fundamental basis for an award of damages for breach of contract is compensation for the losses flowing from the breach. The court there pointed out that it is possible for a breach to occur without causing damage.

Appellant also contends the court erred in finding appellee had met the burden of proof on repayment of a $200.00 loan.

Appellee admitted receiving a $200.00 loan from appellant's manager and soon thereafter receiving a $350.00 loan from appellant. It is undisputed appellee repaid $50.00, and he testified he repaid appellant's manager $200.00 upon receipt of the $350.00 loan. This was denied by the manager and the manager testified appellant reimbursed him for the $200.00 loan he personally extended to appellee. Upon the conflicting testimony of the manager and appellee the court found that appellees had repaid the manager the $200.00 per-

sonal loan. On appeal we accept the finding of fact made by the trial court unless it is clearly erroneous, and we recognize the superior opportunity of the trial court to judge the credibility of witnesses. Rule 52, Rules of Civil Procedure. We cannot say the finding of the trial court was clearly erroneous.

Affirmed.