FIRST STATE BANK OF CROSSETT, ARKANSAS
*v.* Barbara PHILLIPS

CA 84-86                                      681 S.W.2d 408

Court of Appeals of Arkansas
Division I
Opinion delivered December 19, 1984

158

*Griffin, Rainwater & Draper,* by: *Paul S. Rainwater,* for appellant.

*Arnold, Hamilton & Streetman,* for appellee.

DONALD L. CORBIN, Judge. Appellant, First State Bank of Crossett, brought an action against appellee, Barbara Phillips, to foreclose a real estate mortgage upon her home. In answer, appellee raised the affirmative defense of estoppel and counterclaimed, seeking damages for appellant's violation of certain provisions of the Federal Truth in Lending Disclosure Law. The trial court made the following findings: (1) appellant was estopped from foreclosing the mortgage, (2) appellee was entitled to reinstatement of the underlying debt upon the terms stated in the mortgage, and (3) appellee was entitled to judgment in the amount of $1,000.00 plus interest and attorney's fees for appellant's violation of the Federal Truth in Lending Disclosure Law. We affirm.

Appellant made a $35,000.00 home loan to the Brooks, appellee's predecessor in title, in 1977. The Brooks had executed a promissory note for $35,000.00 in favor of appellant, to be paid in 59 monthly installments of

$275.36 and a final installment of $33,520.93. The Brooks had secured the note with a mortgage upon the property which recited a note of $35,000.00 payable in 360 monthly installments of $275.36 each.

In May of 1980, appellee, Barbara Phillips, bought the Brooks' home and assumed their loan with appellant. The "Agreement of Assumption, Release and Modification" entered into by appellee, the Brooks and appellant, referred to the mortgage and note, citing only the monthly payment amount of $275.36 and the interest rate of 8.75 percent per annum. The agreement itself did not state the number of monthly payments for which the mortgage was calculated. The mortgage cited 360 payments of $275.36 each. Appellee did not see or receive a copy of the Brooks' original note.

In July of 1982, appellant notified appellee that pursuant to the balloon feature of Brooks' original note, the balance of the indebtedness was then due. Appellee was unable to make this payment but continued to make monthly payments of $275.36 which appellant accepted. In December of 1982, appellant filed its action for foreclosure.

In her answer to appellant's foreclosure action appellee raised the affirmative defense of estoppel claiming that appellant misrepresented to her that the loan was payable in 360 installments of $275.36 each and violated the Federal Truth in Lending Disclosure Law by failing to disclose the number, amount and timing of payments scheduled to repay the loan obligation.

On appeal, appellant argues that the trial court's finding that appellant was estopped to foreclose the mortgage was against the preponderance of the evidence.

Upon appeal, we review the evidence in the light most favorable to appellee and sustain the trial court's findings unless they are clearly against the preponderance of the evidence. ARCP Rule 52(a).

The doctrine of estoppel is raised to prevent an injustice to one who has in good faith relied upon the actions, representations, or conduct of another to his detriment. *Collier* v. *Brent,* 266 Ark. 1008, 589 S.W.2d 198 (1979). To establish estoppel, one must show that the party being estopped knew the facts and intended that his conduct be acted upon, and that the party seeking estoppel was ignorant of the true facts and relied upon the other's conduct to his injury. *Wells* v. *Everett,* 5 Ark. App. 303, 635 S.W.2d 294 (1982). Substantial evidence was presented indicating that appellant's loan officer knew the terms of the original note when he discussed with appellee her assumption of the loan. Evidence was presented to establish that not only did the officer fail to give appellee a copy of the original note or to inform her of its terms, but he incorrectly informed her that the mortgage was payable in 360 monthly installments of $275.36. Appellee testified that she questioned the loan officer about the terms of the loan and at no time was she ever made aware that the terms of the loan repayment were anything but 360 payments of $275.36 each. Appellee testified that the repayment terms were of extreme importance to her because of her limited income and that she would never had bought the house had she known the terms included a balloon payment. Appellant's witness testified that he did not remember discussing 360 payments with appellee. However, it is the province of the trier of fact to determine the credibility of the witnesses and resolve any conflicting testimony such as existed here. We recognize the superior opportunity of the trial court to judge credibility of witnesses. ARCP Rule 52(a); *Morriss* v. *Wynia,* 270 Ark. 260, 603 S.W.2d 482 (Ark. App. 1980). Deferring to the trial court's superior ability to resolve issues of credibility, we believe there was ample evidence to sustain the trial court's finding that appellant was estopped from foreclosing its mortgage.

Appellant also argues that the trial court erred in awarding appellee damages upon her counterclaim because her claim is barred by the one year limitation on actions under 15 U.S.C. § 1640(e) (1982). Appellant does not dispute that it failed to make the disclosures required under Regulation Z of the Truth in Lending Regulations

codified at 12 C.F.R. § 226.20 (1982), only that appellant's action was barred by the one year limitation under 15 U.S.C. § 1640(e) which states:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Appellant argues that appellee's counterclaim did not fall under the "recoupment or set-off" exception of 15 U.S.C. § 1640(e), but was a separate cause of action for an independent wrong and therefore barred because it was not brought within one year of the violation. We must disagree. The language of § 1640(e) makes it clear that one sued to collect a debt may assert, as recoupment or set-off, any counterclaim for violation of the Federal Truth in Lending Disclosure Law regardless of the one year limitation. Recoupment is the right to keep back rightfully some part owed so as to reduce or dimish the total sum due. See, *United Missouri Bank* v. *Robinson,* 7 Kan. App. 120, 638 P.2d 372 (1981). In this instance, appellant's action and appellee's counterclaim arose from the same loan transaction. Appellee would have been entitled to a recoupment or set-off in the amount awarded to her upon her counterclaim even if appellant had prevailed upon his cause of action. Thus, appellee's counterclaim was one in the nature of a recoupment and the trial court correctly determined that the one year limitation under 15 U.S.C. § 1640(e) was inapplicable.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.