ELIZABETH GENOVESE, ADMINISTRATRIX (ESTATE OF ALPHONSO GENOVESE) *v.* J. N. CLAPP COMPANY, INC. (3055)

BORDEN, DALY and SATTER, Js.

Argued April 25—decision released July 9, 1985

*William A. Leone,* for the appellant (plaintiff).

*Susan Boyan,* with whom were *O. James Purnell III* and, on the brief, *Robert C. DuBeau,* for the appellee (defendant).

SATTER, J. This appeal presents the issue of whether a claimant, which did not file its claim for payment against an estate within the time limited by the Probate Court, could interpose the claim by way of recoupment in the estate's action against it. The trial court held that it could. We agree.

The facts are as follows: The plaintiff's decedent and the defendant corporation were excavation contractors. Over the nine years preceding the decedent's death, they called upon each other to help out when either was involved in large jobs requiring additional men and equipment. They each kept separate books and a running account of their transactions. The exchanges of services and equipment mostly cancelled themselves out, but from time to time payments were made from one to the other.

At the time of the decedent's death in 1979, the balance on the running account was in the defendant's favor but, because of the friendship between the defendant's principal and the decedent, the principal decided to file no claim against the estate and simply to call it quits.

The plaintiff administratrix, coming upon a credit in the decedent's account books against the defendant for $19,950, made demand for payment and, on the defendant's refusal, instituted this action. At the trial, the defendant conceded that it owed the decedent at the time of his death almost $20,000, but also proved that the decedent owed it approximately $37,000. The trial court allowed the defendant to recoup its claim to the extent of the plaintiff's claim and rendered judgment for the defendant.

In this appeal, the plaintiff does not dispute the finding of the trial court that the balance of the accounts was in the defendant's favor. Rather, invoking General Statutes § 45-205, she argues that the trial court

erred in allowing the defendant to assert its claim by way of recoupment in this action, when it failed first to file it timely against the estate.

General Statutes § 45-205,[1] commonly referred to as the nonclaim statute, empowers courts of probate to limit the time within which creditors must file their claims against estates and provides that if a creditor fails to exhibit his claim within the time ordered, "he shall be barred of his demand against such estate." Compliance with the statute is a prerequisite to the plaintiff bringing an action on his claim and recovering against the estate. *State* v. *Goldfarb,* 160 Conn. 320, 325, 278 A.2d 818 (1971); *Beard's Appeal,* 78 Conn. 481, 483, 62 A. 704 (1906).

If the defendant here had sued to recover the approximately $37,000 from the estate without having first timely filed its claim with the administratrix, it would have been barred by the nonclaim statute. If it had counterclaimed in this action for the difference between the approximately $37,000 the estate owed it and the approximately $20,000 it owed the estate, it would have been barred by the statute. But when it interposed its claim solely by way of recoupment to defeat the estate's action against it, the claim is not barred by the statute.

Recoupment means "keeping back something which is due, because there is an equitable reason to withhold it." Black's Law Dictionary (5th Ed. 1979). The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's

---

[1] General Statutes § 45-205 provides in pertinent part: "(a) The court of probate may order the citation of the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, from the date of such order . . . .

"(b) If any creditor fails to exhibit his claim to the fiduciary or his attorney as directed in such order, within the time limited by such order, he shall be barred of his demand against such estate . . . ."

cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. Id. It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuity of actions. *Beecher* v. *Baldwin,* 55 Conn. 419, 432, 12 A. 401 (1887); 20 Am. Jur. 2d, Counterclaims, Recoupment and Set-Offs § 6.

Recoupment is available defensively as long as the plaintiff's cause of action exists. It may be asserted even though the defendant's claim, as an independent suit, is barred by the statute of limitations. *Beecher* v. *Baldwin,* supra, 431; *Jewett City Trust Co.* v. *Gray,* 35 Conn. Sup. 508, 510, 390 A.2d 948 (1977).

Similarly, our courts have long held that the claim, barred by General Statutes § 45-205 or its predecessors, may be asserted, by way of recoupment, in an action brought by the estate against the claimant. *Berrigan* v. *Pearsall,* 46 Conn. 274, 276–77 (1878). The Supreme Court noted in *Berrigan* v. *Pearsall,* supra, that under the nonclaim statute, "[i]f the party neglects to present his claim within the time limited he loses his right of action against the estate. . . . [T]he debt was not paid [however] by the defendant's omission to present it . . . it was justly and equitably his due, as much after as before the expiration of the time limit, but by reason of the statute he was deprived of his remedy and could not enforce its payment. But it by no means follows that he could not make it available as an offset against a claim in favor of the estate . . . ." Id.[2] The court reasoned that it would be "grossly inequitable" to do otherwise. Id., 276.

---

[2] It is true, as the plaintiff argues, that *Berrigan* v. *Pearsall,* 46 Conn. 274 (1878), referred in dictum to the nonclaim statute as a statute of limitations, and that *State* v. *Goldfarb,* 160 Conn. 320, 325, 278 A.2d 818 (1971), made clear that it is not a statute of limitations but simply imposes a condition precedent to recovery against a solvent estate. *State* v. *Goldfarb,* supra, did not, however, overrule the holding of *Berrigan* v. *Pearsall,* supra, which remains the law of our state.

The purpose of General Statutes § 45-205 is to require that an administrator or executor be informed of the claims against the estate in order to allow him to pass upon them, and thereby to speed settlement of estates. *Breen* v. *Phelps,* 186 Conn. 86, 101, 439 A.2d 1066 (1982); *Schwarzchild* v. *Binsse,* 170 Conn. 212, 216, 365 A.2d 1195 (1976). The plaintiff argues that permitting the defense of recoupment would contravene that purpose. Her contention has no merit. Recoupment no more prolongs settlement of estates than any other defense to an estate's cause of action.

There is no error.

In this opinion the other judges concurred.