[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this foreclosure action, on a note and mortgage, the plaintiff moved for summary judgment as to liability only. On March 29, 1999, the court, Parker, J., granted the motion as to both defendants, Edmund L. Pantani and his wife T. Marie Pantani. The note was in the amount of $112,800 and the mortgage was on the property known as 226 Palmer Neck Road, Stonington. Judgment entered on liability, leaving the amount of the debt to be determined at a later date. The court also found that Edmund L. Pantani was indebted to the plaintiff on the note. CT Page 997
The plaintiff then amended his complaint on August 9, 1999 to reflect that Mr. Pantani owned only a one-half interest in the property at the time he granted a mortgage to the plaintiff. The amended complaint states that the plaintiff is seeking to foreclose only on Mr. Pantani's portion of the premises. T. Maria Pantani claims to be the owner of the other half of the property subject to recorded mortgages. She is in possession of the mortgaged premises and is the owner of the equity of redemption.
After a hearing in damages on the foreclosure matter on December 14, 1999, the court entered judgment for the plaintiff and found the debt to be $50,222.00 as of December 14, 1999. It also found that the plaintiff was entitled to attorney's fees of $14,592.66, an appraiser's fee of $425.00 for a total judgment of $65,239.66. The plaintiff has also filed an affidavit dated January 14, 2000 for counsel fees in the amount of $1,350.00 for the hearing on December 14, 1999 and the preparing of a post-trial brief. The court hereby awards these additional legal fees to the plaintiff's counsel.
The defendant, Edmund L. Pantani claims that he is entitled to a reduction of the debt by way of recoupment, claiming that he should receive credit for closings he did on other areas during the years 1982-1989. He alleges that he is entitled to legal fees for this work to offset the present debt. The plaintiff has pled the statute of limitations to these claims since they arose out of transactions that occurred more than nine years prior to the date of the special defense, March 5, 1998. The claim for recoupment is, therefore, barred by the statute of limitations. By way of exception a claim for recoupment may survive the statute of limitations, if otherwise barred, if the person claiming it can show that the defense arises out of the same transaction constituting the plaintiff's cause of action.Genovese v. J.N. Clapp Co., Inc., 4 Conn. App. 443, 445-446
(1985). In this case, the transaction out of which the action arose is a note and deed signed by Pantani for a debt arising out of a real estate development in Windham. The legal fees claimed by the defendant have to so with a real estate transaction in Naugatuck in the years 1982-1989. Thus, it is clear that the claim for recoupment does not arise out of the same transaction. Accordingly, that claim is barred by statute of limitations.
Pantani also claims credit for the value of work he performed on a development in Wallingford, known as Nathan's Woods. CT Page 998 However, he was one of three partners who shared profits. There was no agreement that he would get any legal fees. All contributed what they could to the project and shared the profits. The court, therefore, finds that Pantani is not entitled to any set off or recoupment.
Judgment is entered for the plaintiff in the amount above stated. The motion for foreclosure by sale is granted. The sale date is Saturday, March 18, 2000.
D. Michael Hurley, Judge Trial Referee