[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#110)
 FACTS
The plaintiff, Elaine Machnik, filed a complaint in one count on June 29, 1999, seeking foreclosure and possession of certain property belonging to the defendants, John C. Peterson and Tracy Lee. The plaintiff alleges that the defendants promised, by promissory note dated June 4, 1993, to pay the plaintiff $15,000 plus interest on or before June 4, 1998, and that the defendants, by a deed also dated June 4, 1993, mortgaged to the plaintiff the property located at 46 Buttonball Road in Old Lyme. The plaintiff further alleges that the defendants still owe $4,562.88 on the note.
The defendants filed an answer, special defense and counterclaim on August 13, 1999. The defendants admit to the existence of the promissory note and mortgage, but deny that there is any amount still owing. In their counterclaim, the defendants allege that they purchased the property in question from the plaintiff in May of 1993 and that the plaintiff knowingly and intentionally misrepresented to the defendants that the well supplying water to the premises was adequate and in working condition. According to the defendants, the well was in fact inadequate and they were required to install a new well. The defendants seek money damages and costs.
On August 24, 1999, the plaintiff filed an amended answer and special defense to the defendants' counterclaim. The plaintiff admits that the defendants purchased the property from her but denies that she made any misrepresentations. By way of special defense, the plaintiff claims that the defendants' counterclaim is barred by the statute of limitations contained in General Statutes § 52-577. On November 15, 1999, the plaintiff filed a motion for summary judgment on the counterclaim on the ground that the counterclaim is barred by the statute of limitations. The defendants filed a memorandum in opposition to the motion on January 4, 2000, and the plaintiff filed a reply memorandum on January 6, 2000.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal CT Page 4879 quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
The plaintiff moves for summary judgment on the defendant's misrepresentation counterclaim on the ground that the claim is barred by General Statutes § 52-577, which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." With her motion for summary judgment, the plaintiff has submitted the defendant John Peterson's responses to interrogatories. In these responses, the defendant states that he purchased the property on June 4, 1993, that he occupied the premises on June 6, 1993, and that he discovered the inadequacy of the well within the first month of occupancy. It is undisputed that the defendants' counterclaim was filed on August 13, 1999, more than three years after both the alleged misrepresentations and the defendants' discovery of the inadequacy of the well.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1996); see also Stingone v. Elephant's TrunkFlea Market, 53 Conn. App. 725, 729, 732 A.2d 200 (1999). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital,192 Conn. 451, 452, 472 A.2d 1257 (1984). "When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Collumv. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). Ordinarily, therefore, the defendants' claim of fraudulent misrepresentation would be barred by General Statutes § 52-577. The defendants concede this in their memorandum in opposition to the plaintiff's motion.
The defendants argue, however, that this case falls within a narrow exception to this general rule. They claim that "applicable Connecticut law allows defendants to raise a counterclaim based upon a cause of action barred by the statute CT Page 4880 of limitations" if "[s]uch a counterclaim is by way of recoupment only, i.e., used to diminish or defeat the plaintiff's claim and not for affirmative recovery."
In Genovese v. J. N. Clapp Co., 4 Conn. App. 443,495 A.2d 1079 (1985), the Appellate Court addressed precisely this issue: "Recoupment means keeping back something which is due, because there is an equitable reason to withhold it. . . . The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. . . . It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuitry of actions. . . . Recoupment is available defensively as long as the plaintiff's cause of action exists. It may be asserted even though the defendant's claim, as an independent suit, is barred by the statute of limitations." (Citations omitted; internal quotation marks omitted.) Id., 445-46.
The plaintiff argues in her reply memorandum that "the defendants have not alleged a sufficient claim for recoupment. . . ." She claims that because the defendants have failed to allege that the counterclaim arises from the same transaction as the plaintiff's foreclosure claim, an essential element of a claim for recoupment has not been established, and that her motion for summary judgment should therefore be granted. Ordinarily, the legal sufficiency of a pleading is challenged through the use of a motion to strike, rather than a motion for summary judgment. Practice Book § 10-39. The appellate courts have held, however, that a motion for summary judgment may also be used for this purpose. See Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971); Drahan v. Board ofEducation, 42 Conn. App. 480, 498 n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996).
Because the plaintiff has attacked the legal sufficiency of the counterclaim by way of a motion for summary judgment rather than a motion to strike, the court is not limited to the facts alleged in the pleadings. "Facts that are not alleged in a complaint may be added to the procedural mix . . . in a motion for summary judgment, whereas they cannot be considered in a motion to strike. On a motion for summary judgment, the questions are whether there is any material fact in issue, and, if not, whether the movant is entitled to judgment as a matter of CT Page 4881 law. The key difference between the two motions is that, when considering a motion for summary judgment, facts in addition to those asserted in the complaint can form the basis for an argument that there is no material fact in dispute that would prevent judgment as a matter of law." Girard v. Weiss,43 Conn. App. 397, 416-17, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996). Consequently, it could be inappropriate to grant this motion for summary judgment based solely upon the failure of the defendants to allege facts in their counterclaim establishing that the parties' claims arise from the same transaction. The court must look to all of the evidence submitted.
The promissory note and mortgage deed submitted by the plaintiff are both dated June 4, 1993. The defendants' counterclaim states that the defendants purchased the same property from the plaintiff in May, 1993. In his answers to the plaintiff's interrogatories, the defendant John Peterson states that he purchased the property on June 4, 1993. The defendant also states that after discovering the insufficiency of the well, he had a new well installed for $4,427.50. Viewing this evidence in the light most favorable to the non-moving party, as required on a motion for summary judgment, it cannot be said that there is no genuine issue of material fact as to whether the plaintiff's claim and defendant's counterclaim arise from the same transaction. The evidence now before the court suggests that the plaintiff's sale of the property to the defendants may have been part of the same transaction as the execution of the promissory none and mortgage deed. Although the question cannot be answered with certainty based upon the evidence already submitted, "the function of the trial court is only to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does exist until the parties are afforded a full hearing." Yanow v. Teal Industries, Inc., 178 Conn. 262, 269,422 A.2d 311 (1979).
If the defendants are able to show that their counterclaim arises from the same transaction as the plaintiff's foreclosure action, their counterclaim will not be barred by the statute of limitations and they will have an opportunity to prove their misrepresentation claim. They may not be deprived of this opportunity absent a showing by the plaintiff that there are no genuine issues of material fact. The plaintiff has failed to sustain this burden. CT Page 4882
Furthermore, when a party "is challenging the legal sufficiency of [a] complaint by way of a motion for summary judgment, rather than a motion to strike, it cannot avail itself of such pleading deficiencies which would have been corrected as of right by the plaintiff's filing a substitute pleading pursuant to Practice Book § [10-44] had a motion to strike been filed."Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield, Docket No. 310959 (January 25, 1996,Levin, J.); see also Bennett v. Lindsay, Superior Court, judicial district of New Haven, Docket No. 389401 (July 6, 1999, Levin,J.); Dorvilus v. Donovan, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 157928 (May 26, 1999,D'Andrea, J.); Tirado v. RPJ Management Corp., Superior Court, judicial district of Waterbury, Docket No. 129201 (July 16, 1998,Gill, J.). In the present case, it appears that the pleading deficiency complained of by the plaintiff could have been corrected by the filing of a substitute counterclaim pursuant to Practice Book § 10-44. "[A] party ought not be put out of court for correctable pleading deficiencies . . . ." Bennett v.Lindsay, supra, Superior Court, Docket No. 389401. The plaintiff may not circumvent the defendants' right to replead simply by challenging the counterclaim by way of a motion for summary judgment.
The plaintiff's other argument is that the defendants have not made a valid claim for recoupment because their prayer for relief is not limited to defeating or diminishing the plaintiff's recovery. As previously stated, one of the elements of a valid claim for recoupment is that "it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery." Genovese v. J. N. Clapp Co., supra, 4 Conn. App. 446. While the defendants' prayer for relief contains no express language limiting the relief sought, the defendants make no claim that they are entitled to an affirmative recovery. On the contrary, in their memorandum in opposition to the motion for summary judgment the defendants acknowledge "that the cause of action raised in the Counterclaim is barred by the statute of limitations as to affirmative recovery." Furthermore, "a prayer for relief does not constitute a cause of action and, thus a motion to strike rather than a motion for summary judgment, is the only pretrial method to attack a prayer for relief." Dallicker v. Maritime Center at Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130200 (April 15, 1997, Lewis, J.); see also Ogno v. Danbury, Superior Court, judicial district of Danbury, Docket No. 318431 CT Page 4883 (November 22, 1996); Hoey v. Textron, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270203 (March 17, 1994, Rodriguez, J.) (9 C.S.C.R. 423); Watrous v.DiLauro, Superior Court, judicial district of New Haven at New Haven, Docket No. 257087 (April 16, 1990, Schimelman, J.) (1 Conn.L.Rptr. 504, 505). As noted with regard to the plaintiff's other argument, if the plaintiff had properly attacked the prayer for relief by way of a motion to strike, the defendants would have had the opportunity to replead.
 CONCLUSION
The plaintiff has failed to sustain her burden of showing that there are no genuine issues of material fact and that she is entitled to judgment on the defendants' counterclaim as a matter of law. Furthermore, the defendants are seeking only to diminish or defeat the plaintiff's cause of action by way of their counterclaim. Consequently, the plaintiff's motion for summary judgment is denied.
Martin, J.