This is an action for negligence brought by the plaintiff within a year from the date of the neglect complained of. The defendant's counterclaim for his damages was brought more than a year after the neglect of which he complains. The plaintiff has pleaded the statute of limitations to the counterclaim, to which the defendant has demurred. The question raised is, therefore, whether the defendant is saved from the operation of the statute because the plaintiff has brought his action within the required time.
Section 1680c of the 1935 Cumulative Supplement to the General Statutes states that "no action ... shall be brought but within one year from the date of the injury...." The defendant contends that he is not bringing an "action" in the sense of the word as used in this statute; he claims that his *Page 388 
action is in the nature of a defense. Defendant further claims he has the same right to bring a counterclaim after the statute has run against the bringing of an action, as he has to file a defense to the original complaint. The general rule is as follows: "In the absence of an express statute, a demand of a defendant, whether pleaded by way of set-off, counterclaim, or cross bill, is regarded as an affirmative action, and therefore, unlike a matter of pure defense, is subject to the operation of the Statute of Limitations, and is unavailable if barred." This rule is stated and the cases are collected in an annotation in 16 A.L.R. 326, 328, which cites three Connecticut cases:Alsop vs. Nichols, 9 Conn. 357; Gorham vs. Bulkley, 49 id. 91;Beecher vs. Baldwin, 55 id. 419.
The defendant points to section 5511 of General Statutes, Revision of 1930, and contends that this provides an exception to the general rule above stated. It is his claim that this section should be so construed as to save a cause of action which is brought after the statutory period so long as it is a counterclaim, or some other valid cross demand to the plaintiff's complaint.
There is nothing expressed in this section which extends the statutory limitation, nor from the reading of the same can one be implied. This statute was enacted as part of our original Practice Act. It was strictly limited to cases where a defendant had either in law or in equity a counterclaim or a right of set-off against the plaintiff's demand. So far as this statute is concerned it only gives the right of counterclaim to a defendant who has a right to bring the same. It necessarily follows that when the statutory period on defendant's cause of action expires, the defendant's right under this statute disappears.
When this statute came before our Supreme Court for the first time in Harral vs. Leverty, 50 Conn. 46, the court said that it left matters of set-off and recoupment where they were before the statute was passed and it did not intend to give any wider range of equitable claim to the defendant than that allowed under settled chancery practice. This interpretation has been approved by our Supreme Court down to the present time. Hewitt's Appeal, 53 Conn. 24, 35; Hartford NationalBank Trust Co. vs. Riverside Trust Co., 117 id. 276, 280.
Certainly this section cannot be interpreted to revive a right of action which has been barred by the statute when it is asserted as a counterclaim. *Page 389 
Defendant contends that Beecher vs. Baldwin, supra, is his authority that a counterclaim sounding in tort may be brought after the statute (§ 6015) has run, so we will carefully examine the facts in that case.
Baldwin sold a portion of his land by warranty deed, which land was heavily mortgaged, to Beecher for $12,500; Beecher paid $2,500 cash, and gave a mortgage deed and note for $10,000; the original incumbrance on the property remained as it was. The old mortgage foreclosed and evicted Beecher, the property then being greatly depreciated in value. Beecher brought a suit under the covenants of warranty against Baldwin and Baldwin pleaded a set-off of the notes that Beecher owed him when he purchased the land. The statutory period had expired as to the notes. Beecher knew of the prior incumbrance and had agreed to pay it off with the understanding that his payments on it would be credited to the mortgage he owed. The court said, at page 432: "Applying the unpaid portion of the purchase money, in reduction of the plaintiff's demand, is but an application of the principle that if the grantee fails to pay the purchase money, the real consideration for the deed, he is not entitled to recover in an action on the covenants in the deed — certainly no more than nominal damages. To such a claim, when offered in common speech as a set-off, but more accurately speaking by way of recoupment, the statute of limitations has no application.
"`Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred out, which is the proper subject of recoupment in the action, as damages growing out of the same transaction.' Wood's Limitation of Actions, 602. `Where there are cross demands between parties, which accrued nearly at the same time, both of which would be barred by the statute, and the plaintiff has saved the statute by suing out process, but the defendant has not, the defendant may nevertheless set off his demand.' Angell on Limitations, § 75."
The essential difference between recoupment and counterclaim appears in Beecher vs. Baldwin on page 431. "In this case there would be difficulty in applying the statute and allowing the defendant to recover a balance; but .... there can be no difficulty in allowing the one to be used in reduction of the other." This illustrates the nature of recoupment, the *Page 390 
use of a cross demand as a shield, essentially defensive, not allowing any affirmative relief to the defendant on his barred claim.
The case of Beecher vs. Baldwin calls for a discussion of the distinctions between recoupment, set-off and counterclaim.
A counterclaim is a cause of action existing in favor of a defendant and against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by defendant. (Bryant, Code Pleading
[2d ed. 1899] § 195.)
Set-off arose by statute in England in 1729. As modified and adopted in this country, it allowed the setting off of mutual contract debts of the defendant and the plaintiff. Recoupment is of judicial origin. It is the defendant's right to cut back or reduce or overcome the plaintiff's demand. Recoupment may be either for liquidated or unliquidated damages. (Bryant,Code Pleading [2d ed. 1899] §§ 197, 198.)
In set-off or counterclaim a defendant may recover a judgment for any balance that may be found due him, but in recoupment, a defendant may cut down to the full amount of plaintiff's claim, but may not recover for any balance due him.
Beecher vs. Baldwin, supra, is therefore only authority for the proposition that recoupment is purely defensive in nature and that the statute of limitations is no bar to such a defense.
1. The test in each case must therefore be whether the pleading of the defendant is purely defensive or whether affirmative relief is demanded. In the former case no action is brought; in the latter case an action is brought even though the party bringing the action is called the defendant.
2. When the defendant in this case filed the counterclaim, claiming damages, he brought an action for his injury, as distinguished from the plaintiff's action for his damages.
3. To paraphrase Davis vs. Naugatuck Valley Crucible Co.,103 Conn. 36, 37: the counterclaim sets forth an independent cause of action which might have been made the basis of a separate action by a defendant and is open to the same attack as if brought as a separate action. Alsop vs. Nichols, 9 Conn. 357;Gorham vs. Buckley, 49 id. 91.
In rendering this decision, the court has carefully examined *Page 391 
and considered the cases decided recently by Seymour, J. andMolloy, J. See, also, Consolidated Motor Lines vs. M MTransportation Co., 128 Conn. 107.
 The demurrer to the pleading of the statute is overruled.