MARY JANE NICKERSON, EXECUTRIX (ESTATE OF ROBERT E. NICKERSON), ET AL. *v.*
ESMOND B. MARTIN

SUPERIOR COURT  FAIRFIELD COUNTY  FILE NO. 019707
AT STAMFORD

Memorandum filed December 7, 1976

*Richard A. Silver,* for the plaintiffs.

*Joel E. Kanter,* for the defendant.

MIGNONE, J.  This highly controversial pleading matter requires the court to rule upon the objections filed by the plaintiffs to the defendant's motion for permission to file a special defense, a counterclaim and recoupment claims.

The original action, commenced in October, 1972, sought damages by way of legal fees and expenses claimed to be owing to the plaintiffs pursuant to a written contract to perform legal services on behalf of the defendant.  The case has followed a tortuous course of pleadings and motions, but the pleadings were finally closed by an answer filed in September, 1975.  Thereafter, the parties entered into a private agreement in writing permitting the defendant to file a counterclaim, a claim of recoupment or a special defense by January 31, 1976.  The present impasse arises by the filing on August 18, 1976, of the defendant's motion for permission to amend his answer as set out above.

The basis of the plaintiffs' complaint is a claim for reimbursement for legal services claimed to have been rendered by the office of Attorney Robert E. Nickerson pursuant to a written contract entered into with the defendant in 1962.

A full hearing, at which extensive evidence was adduced, was conducted by this court, *Tunick, J.,* on a plea in abatement, claiming lack of jurisdiction, filed by the defendant.  The transcript of the evidence at that hearing reveals the essential claims of the parties and, as part of the court file, has been examined by this court in connection with the matter before it.

It appears that the legal services in issue were performed over a period of time extending from 1962 to 1969. The plaintiffs herein are John B. Marsh, Jr., and Joseph W. Drake, both attorneys who were associated with the late attorney, Robert E. Nickerson, the attorney retained by the defendant. Attorney Nickerson died in 1971 and his estate, represented by his wife, Mary Jane Nickerson, is the main plaintiff herein.

The special defense which the defendant seeks permission to file alleges that the plaintiffs' claims of debts owed by the defendant are barred by § 52-576 of the General Statutes, the six-year Statute of Limitations applicable to actions for account or on simple or implied contracts.

The defendant also seeks permission to file a counterclaim, divided into seven counts, and claims damages of $1,138,079.50 thereunder. The first count of the counterclaim is based on allegations of malpractice on the part of the deceased attorney. The second count likewise makes allegations of malpractice against that attorney. The third count alleges that the plaintiff lawyers exceeded their authority in making payments to a New York lawyer hired to assist them in representing the defendant in a divorce proceeding. The fourth count alleges overpayment to the plaintiffs in the sum of $56,000 for legal services in connection with a divorce action instituted in New York, which services, it is alleged, were not in fact performed. The fifth count alleges negligence in the preparation of a certain trust instrument at the request of the defendant. The sixth count alleges negligence on the part of the plaintiffs in connection with the handling of the sale and transfer of certain lots owned by the defendant. The seventh count alleges that, although due demand has been made, the plaintiffs have failed, refused and neglected to turn over

a certain collection of watches, coins and stamps claimed to be valued at $700,000. That collection, it is alleged, was placed in the custody of the plaintiffs to put it beyond the jurisdiction of the New York courts and was in fact deposited in a bank vault in Connecticut under the control of the plaintiff attorneys. By way of recoupment, the defendant seeks permission to make counts one through seven of the counterclaim counts one through seven of his claims for recoupment.

The legal bases for the "Objection To Motion for Permission to File Special Defense, Counterclaim and Recoupment," are set out in the legal memorandum submitted by the plaintiffs. In essence it relies on the defense that since the counts of the counterclaim are based on negligence, the three year Statute of Limitations for tort actions applies and bars the claims attempted to be set forth therein.

A reading of the proposed seven counts of the counterclaim shows that only the first, second, fifth and sixth counts are couched in terms of negligence which may be construed as constituting legal malpractice. Counts three and four are not based on negligence, and, therefore, the defense of the Statute of Limitations; § 52-577 of the General Statutes; would not be applicable. Count three and count four (except for the claims of exemplary damages of double the amount of damages claimed therein) are essentially claims for recoupment. Count seven appears to be in the nature of a replevin action seeking the return of the collection being kept in a bank vault in Greenwich.

Insofar as are concerned the first, second, fifth and sixth counts alleging negligence constituting legal malpractice, this court must agree with plaintiffs that they are barred under § 52-577. The proposition advanced by the defendant that, since those

counts do not come within the specific language of § 52-584 of the General Statutes, the Statute of Limitations referring specifically to physicians, surgeons, dentists, podiatrists, chiropractors, hospitals or sanatoriums, or within § 52-584a, a limitation of action statute applying to architects and professional engineers, no limitation applies to a legal malpractice action does not hold water. In *Anderson* v. *Watson,* 162 Conn. 245, a comparable situation was presented in that the defendant Watson, an attorney, had been appointed as executor under a will. The complaint, as amended, alleged that "by his negligence" he had prevented the plaintiffs from contesting the admission of a will. The trial court rendered a summary judgment, upheld on appeal, in favor of the defendant on the basis that (p. 247) " '[t]he three year period limited by § 52-577 within which to bring an action founded upon a tort expired in this case . . .' and, consequently, the action is 'clearly barred by the application of the statute of limitations.' " This court therefore rules that the first, second, fifth and sixth counts of the proffered counterclaims of the defendant are barred by the applicable Statute of Limitations, § 52-577.

Counts three and four are claims which essentially seek recoupment. The claim of double damages under count three does not appear to be supported by any of the statutes providing for double damages.

The pleading issue resolves itself into whether the allegations set out in each of the counterclaims may properly be set out as allegations of the seven counts claiming recoupment. The opinion in *Beecher* v. *Baldwin,* 55 Conn. 419, contains a lucid analysis of the defenses of set-off and recoupment. It states (pp. 431-32): "In *Avery* v. *Brown,* 31 Conn., 398, the court makes a clear distinction

between independent debts and debts growing out of the same transaction. The former, if mutual, are proper subjects of set-off under the statute. The latter may be applied in reduction of the plaintiff's demand without the aid of the statute. In this case there would be difficulty in applying the statute and allowing the defendant to recover a balance; but as these claims arose in the same transaction, and are so connected that one is the consideration for the other, there can be no difficulty in allowing the one to be used in reduction of the other. In *Avery* v. *Brown* this court said (p. 401): — 'The policy of the law is always to prevent unnecessary litigation, and where in a pending suit entire justice can be done to both of the parties before the court by the ascertainment and set-off of their mutual claims against each other without a violation of any of the settled rules or forms of law, such set-off ought always to be made.'" And it continues further (p. 432) that: "'Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred out, which is the proper subject of recoupment in the action, as damages growing out of the same transaction.' Wood's Limitation of Actions, 602. 'Where there are cross demands between parties, which accrued nearly at the same time, both of which would be barred by the statute, and the plaintiff has saved the statute by suing out process, but the defendant has not, the defendant may nevertheless set off his demand.' Angell on Limitations, § 75."

Relying on *Beecher* v. *Baldwin,* supra, the opinion in *Mulville* v. *Brown,* 9 Conn. Sup. 387, presents a clear exposition of the scope of recoupment. It states (p. 390): "The case of *Beecher* vs. *Baldwin* calls for a discussion of the distinctions between recoupment, set-off and counterclaim.

"A counterclaim is a cause of action existing in favor of a defendant and against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by defendant. (*Bryant, Code Pleading* [2d ed. 1899] § 195.)

"Set-off arose by statute in England in 1729. As modified and adopted in this country, it allowed the setting off of mutual contract debts of the defendant and the plaintiff. Recoupment is of judicial origin. It is the defendant's right to cut back or reduce or overcome the plaintiff's demand. Recoupment may be either for liquidated or unliquidated damages. (*Bryant, Code Pleading* [2d ed. 1899] §§ 197, 198.)

"In set-off or counterclaim a defendant may recover a judgment for any balance that may be found due him, but in recoupment, a defendant may cut down to the full amount of plaintiff's claim, but may not recover for any balance due him.

"*Beecher* vs. *Baldwin,* supra, is therefore only authority for the proposition that recoupment is purely defensive in nature and that the statute of limitations is no bar to such a defense.

"1. The test in each case must therefore be whether the pleading of the defendant is purely defensive or whether affirmative relief is demanded. In the former case no action is brought; in the latter case an action is brought even though the party bringing the action is called the defendant."

*Boothe* v. *Armstrong,* 76 Conn. 530, 531, and *Kinne* v. *Town of New Haven,* 32 Conn. 210, 214, are both in accord with the distinctions made in the cases quoted.

On the issue of whether a statute of limitations would prevent the filing of the claims for recoupment, the decision in *Stone* v. *White,* 301 U.S. 532,

makes clear (p. 539) that the defense of equitable recoupment in diminution of a plaintiff's right to recover is " 'never barred by the statute of limitations so long as the main action itself is timely.' " See *Bull* v. *United States,* 295 U.S. 247, 262; *Luckenbach Steamship Co.* v. *United States,* 312 F.2d 545, 549 n.3 (2d Cir.); *Babcock & Wilcox Co.* v. *Pedrick,* 212 F.2d 645 (2d Cir.); *City of Grand Rapids* v. *McCurdy,* 136 F.2d 615, 619 (6th Cir.); *Pennsylvania R. Co.* v. *Miller,* 124 F.2d 160, 162 (5th Cir.); *Multivision Northwest, Inc.* v. *Jerrold Electronics Corporation,* 356 F. Sup. 207 (N.D. Ga.); *Sears, Roebuck & Co.* v. *Goudie,* 290 A.2d 826 (D.C.), cert. denied 409 U.S. 1049; *Gibbins* v. *Kosuga,* 121 N.J. Super. 252.

Particular reference is made to the annotation in 1 A.L.R.2d 630, 666, where the text in § 14, citing *Beecher* v. *Baldwin,* supra, along with numerous other federal and state court decisions, states: "Almost without exception the cases which deal with recoupments, so recognized and named, run to the effect that if a defendant's claim is in fact a recoupment the general statutes of limitation do not defeat it; on the contrary it may be availed of defensively so long as plaintiff's cause of action exists." And also, reference is made to the cases listed in 1 A.L.R.2d, Later Case Service, 94, 95, updating the annotation relative to § 14 in 1 A.L.R.2d, supra.

In exercise of the discretion vested in it to permit or not permit amendments to pleadings to be filed at this date, the court, based on its analysis of the applicable law, reaches the following conclusions and enters the following orders:

(1) The special defense of the defendant may be filed.

(2) All the allegations for recoupment, as set out in counts one through six, on the basis that they are

asserted purely defensively to offset the claims for money damages as set out in the plaintiffs' complaint, may be filed if properly captioned by way of recoupment only.

(3) The allegations of the proposed counterclaim in counts one through six are disallowed as counterclaims herein.

(4) The allegations set out in count seven relative to securing a return of the collection appear to speak in terms of replevin. This replevin count is not set out in the statutory form specified in General Statutes § 52-518 and must, therefore, be held defective. It should be pointed out, moreover, that this same collection has been the subject of a decision rendered herein (*Tunick, J.*) validating, as of March 26, 1974, the garnishment previously made by the plaintiffs of the collection of jewelry, stamps, and other items of personal property belonging to the defendant and placed for safekeeping in a Greenwich bank by the plaintiff attorneys on behalf of the defendant.

The court further notes that there is a question to which counsel, in their legal memoranda, have not addressed themselves, namely, whether the Statute of Limitations has run against the bringing of such an action. As the early case of *Mead* v. *Johnson,* 54 Conn. 317, 319, makes evident, "[t]he action of replevin is founded in tort. There must be a tortious taking or detention of property; a mere breach of contract is not sufficient." Since it is a tort action, therefore, does not § 52-577 apply to the action for replevin?

That issue need not be decided herein since the "collection" is the subject of a court order validating the original garnishment of that personal property. Pending a final decision on the issues presented

herein, it is subject to the jurisdiction and orders of this court regarding payment of any judgment rendered herein.

This court is aware of the protracted course of the pleadings and motions filed in this case. Nonetheless, the issues presented should be decided on equitable as well as legal grounds. The court has, therefore, ruled as hereinabove to afford the defendant an opportunity to prove any bona fide claims of recoupment in mitigation or denial of money damages to the plaintiffs. The pleadings should now be closed forthwith and the case claimed for trial.