JEWETT CITY TRUST COMPANY *v.* MAUREEN W. GRAY ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 490

Argued June 15—decided September 16, 1977

*John P. Spilka,* for the appellant (named defendant).

*Stuart R. Norman, Jr.,* with whom, on the brief, was *Richard J. Duda,* for the appellee (plaintiff).

PER CURIAM. The plaintiff commenced this action to recover the balance due on a promissory note because of an alleged default in monthly payments. The named defendant filed an answer and a counterclaim, by way of recoupment, claiming twice the finance charge for failure to disclose address and telephone numbers relating to billing errors, information required under the Truth-in-Lending Act.[1] The plaintiff demurred to the counterclaim for the reason that the counterclaim was brought more than one year from the date of the occurrence of the alleged violation of the Truth-in-Lending Act, which fact is admitted by the named defendant. The trial court sustained the demurrer. Subsequently, judgment was rendered in favor of the plaintiff.

The Truth-in-Lending Act requires that any creditor making a consumer loan shall disclose the address and the telephone number where inquiries relating to billing errors may be directed. General Statutes § 36-406 (a) (9). For failure to disclose, the creditor is liable for twice the amount of the finance charge connected with the transaction. General Statutes § 36-407 (a) (2) (A). The action shall be brought within one year from the date of the occurrence of the violation. General Statutes § 36-407 (e).

The sole issue for our determination is whether the one-year statute of limitations under the state's Truth-in-Lending Act bars the present counterclaim by way of recoupment.

Recoupment is the defendant's right to cut back, reduce or overcome the plaintiff's demand. It may

---

[1] Chapter 657 of the General Statutes.

be for liquidated or unliquidated damages. In recoupment a defendant may cut down to the full amount of the plaintiff's claim, but may not recover for any balance due him. *Nickerson* v. *Martin,* 34 Conn. Sup. 22, 28. To a claim by way of recoupment the statute of limitations has no application. "Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred, but which is the proper subject of recoupment in the action, as damages growing out of the same transaction." Wood, Limitation of Actions (1st Ed.) 602; *Beecher* v. *Baldwin,* 55 Conn. 419, 432; *Mulville* v. *Brown,* 9 Conn. Sup. 387, 389; *Orsi* v. *Hall,* 8 Conn. Sup. 92, 94. "The defense of recoupment exists as long as the plaintiff's cause of action exists and may be asserted though the claim as an independent cause of action is barred by limitations." *Orsi* v. *Hall,* supra, 94; *Stone* v. *White,* 301 U.S. 532, 539.

In the present matter, the damages to be recouped grow out of the same consumer loan transaction as set forth in the plaintiff's complaint. We conclude that the counterclaim is not barred by the statute of limitations. "To hold otherwise would be to frustrate the purpose of the Truth-in-Lending Act by creating the opportunity for abuse by noncomplying creditors who could wait to bring their actions until the time permitted for a defense based on nondisclosure of credit terms had elapsed." *St. Mary's Hospital* v. *Torres,* 33 Conn. Sup. 201, 204.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

A. HEALEY, PARSKEY and A. ARMENTANO, Js., participated in this decision.