[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought an action against the defendant to collect legal fees for legal services rendered to the defendant while plaintiff was a practicing attorney. The defendant filed a two count counterclaim, the first count apparently sounding in legal malpractice and the second count being a CUTPA claim. Plaintiff moves to strike both of these counts as legally insufficient.
The plaintiff claims that defendant has not sufficiently pleaded a legal malpractice action, and that in any event, the action is barred by the applicable statute of limitations. He also argues that defendant has not sufficiently pleaded a CUTPA claim. The defendant argues that the first count is not a malpractice action but an action for recoupment instead. He further argues that he has sufficiently alleged a CUTPA claim.
A fair reading of defendant's revised counterclaim reveals that it is a claim which sounds in malpractice. See e.g. Paragraph 16 (". . . failed to exercise reasonable care or skill . . . in one or more of the following ways . . .") Recoupment is more properly filed as a special defense and not an independent action; it is essentially a defense. Genovese v. J.N. Clapp Co., 4 Conn. App. 443,445-446 (1985) ("[t]he defense of recoupment"; "it is purely defensive"). And in Nickerson v. Martin, 34 Conn. Sup. 22
CT Page 4748 (Sup.Ct. 1976), upon which defendant relies, the court held that the defendant could plead recoupment if the allegations were "asserted purely defensively in nature to offset the [plaintiff's] claims" and only if "properly captioned by way of recoupment only." Id., 30. The present formulation of the first count cannot be viewed as claiming recoupment, but instead, claims malpractice.
Nevertheless, this does not mean that the motion to strike should be granted. "[I]t is improper . . . to raise the statute of limitations in a motion to strike." Bowrys v. Santanella,39 Conn. Sup. 102, 106 (1983). The defense of statute of limitations must be specially pleaded. Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 528, cert. denied, 212 Conn. 807 (1989). Thus, plaintiff's motion cannot be considered on the ground of whether defendant's claim is bared by General Statutes 51-577.
The plaintiff also claims that the defendant has not sufficiently alleged a malpractice cause of action. Not only does a motion to strike admit all well pleaded facts, but also all "facts necessarily implied and fairly provable under the allegations." Coste v. Riverside Motors, Inc., 24 Conn. App. 109,111 (1991). "If facts provable under the allegations would support a . . . cause of action, the motion to strike must be denied." Id. The defendant alleges that plaintiff was representing him in the purchase of his ex-wife's house pursuant to a judgment of dissolution, that in such representation, plaintiff did not exercise the requisite skill and care, and that as a result of this "negligent legal advice and representation," he suffered certain specified damages. These allegations sufficiently allege a cause of action for legal malpractice. The motion to strike the first count of the counterclaim is denied.
The plaintiff also moves to strike the second count of the complaint which claims that, in addition to the allegations of the first count, plaintiff double billed the defendant, billed the defendant for work performed negligently, as well as for work not performed at all, and did not credit payments made by defendant to his account. The defendant claims that these practices constitute a violation of CUTPA.
General Statutes 342-1106 provides that no "person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "It is clear that the provision of at least some legal services constitutes `the conduct of any trade or commerce.', and that CUTPA applies to the conduct of attorneys." Noble v. Marshall,23 Conn. App. 227-230 (1991), quoting Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 520-21 (1983). "Thus, the question of whether that service is provided unfairly CT Page 4749 requires the application of the `cigarette rule'." Id.
The "cigarette rule" has been adopted by Connecticut courts to aid in determining whether a practice is unfair or deceptive. These factors are
 (1) whether the practice, without necessarily having been previously declared unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . .; (2) whether it is immoral, unethical, oppressive or unscrupulous, (3) whether it causes substantial injury to consumers.
Id., 229, quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233,244 n. 5 (1972).
The defendant has alleged a practice which, if proven, could violate the "cigarette rule", and thus, has sufficiently alleged a CUTPA claim. Therefore, the plaintiff's motion to strike is denied.
LANGENBACH, J.