[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: COUNTERCLAIM-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #122
The plaintiff, Russell Vine, brought a three-count complaint against the defendants, Henry Chamberlain, Mary Chamberlain and Thomas Chamberlain. The first count asserts a claim for recovery on a promissory note in the amount of $19,554.02 against the defendant Henry Chamberlain. The second count is against the CT Page 9151 alleged guarantors of the note, defendants Mary and Thomas Chamberlain. In the third count, the plaintiff seeks foreclosure of premises owned by the guarantors and allegedly mortgaged to the plaintiff as security for the promissory note.
The defendants' three special defenses to the plaintiff's action assert that the note and mortgage deed are void and unenforceable because the plaintiff committed: (1) fraudulent misrepresentations; (2) coercion over the defendants; and (3) violations of Rule 1.8 of the Rules of Professional Conduct. By way of counterclaim, the defendants assert four counts, sounding respectively in fraud, negligent misrepresentation, violations of the Connecticut Unfair Trade Practices Act (CUTPA) and legal malpractice.
The matter now before this court is the counterclaim defendant's motion for summary judgment as to all four counts in the counterclaim. The counterclaim defendant moves for summary judgment on the ground that each of the four counterclaims are barred by the applicable statute of limitations. In response, the counterclaim-plaintiffs concede that the statute of limitations has expired for all four counterclaims, but argue that because the counterclaim essentially asserts "recoupment," the statute of limitations for their counterclaims is irrelevant. The counterclaim-defendant, in response, argues that recoupment was not properly pleaded by the counterclaim-plaintiffs, and the defense of recoupment is not applicable to the underlying cause of action.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principle of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999). CT Page 9152
Because the counterclaim-plaintiffs concede that the statute of limitations would effectively bar their counterclaims, the only issue before this court is whether recoupment is applicable and properly asserted in the present case.
"Recoupment is the defendant's right to cut back, reduce or overcome the plaintiff's demand. It may be for liquidated or unliquidated damages. In recoupment a defendant may cut down to the full amount of the plaintiff's claim, but may not recover for any balance due him. . . . To a claim by way of recoupment the statute of limitations has no application. Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred, but which is the proper subject of recoupment in the action, as damages growing out of the same transaction." Jewett City Trust Co. v. Gray, 35 Conn. Sup. 508,510, 390 A.2d 948 (1977). "The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. . . . It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuitry of actions."Genovese v. J.N. Clapp Co., 4 Conn. App. 443, 495 A.2d 1079
(1985).
"Recoupment is more properly filed as a special defense and not an independent action; it is essentially a defense." Presnickv. Bond, Superior Court, judicial district of Waterbury, Docket No. 106396 (May 27, 1992, Langenbach, J.) (7 CSCR 681). "In set-off or counterclaim a defendant may recover a judgment for any balance that may be found due him, but in recoupment, a defendant may cut down to the full amount of plaintiff's claim, but may not recover for any balance due him. . . . The test in each case must therefore be whether the pleading of the defendant is purely defensive or whether affirmative relief is demanded."Mulville v. Brown, 9 Conn. Sup. 387, 390 (1941). Although a defendant should clearly claim recoupment by special defense, and caption its allegations "by way of recoupment only," seeNickerson v. Martin, 34 Conn. Sup. 22, 30, 374 A.2d 258 (1976), a counterclaim is sufficient as long as the counterclaim "is within the recoupment exception," and arises out of the plaintiff's main cause of action. See Uptown Federal Savings Loan v. Define, Superior Court, judicial district of Danbury, Docket No. 301328 (February 10, 1993, Moraghan, J.). CT Page 9153
In the present case, the counterclaim plaintiffs do not clearly identify their counterclaims as "by way of recoupment only." In addition, the counterclaim plaintiffs explicitly request affirmative relief for: compensatory damages, punitive damages, attorney's fees and declaratory relief. Indeed, the counterclaim plaintiffs do not mention the word "recoupment" throughout all four counts of their counterclaim or any of their three special defenses. It is difficult, therefore, for this court to discern from the pleadings that the counterclaim plaintiffs genuinely seek recoupment as a purely defensive mechanism to the plaintiff's cause of action.
The counterclaim plaintiffs argue that if their claim for recoupment is denied, it would allow the plaintiff to enforce a note and mortgage which were produced by fraud, coercion and violations of the Rules of Professional Conduct. However, the counterclaim plaintiffs have already secured protection from such a possibility through their three special defenses. Their special defenses allege fraud, coercion and violations of the Rules of Professional Conduct so as to make the note and mortgage unenforceable. It is apparent, therefore, that the counterclaims necessarily exceed the asserted purpose of merely preventing the plaintiff's enforcement of the note and mortgage.
This court does not find that the counterclaims fall within the recoupment exception so as to avoid the effect of the statute of limitations. Accordingly, the counterclaim defendant's motion for summary judgment is granted.
Martin, J.