[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARYCT Page 5274 JUDGMENT (#110); MOTION TO STRIKE (#112); MOTION TO SEVER (#107)
FACTS AND PROCEDURAL HISTORY
This is an action to foreclose a mortgage given by the defendant to the plaintiff in the original amount of $450,000.00. The complaint alleges and the defendant admits that the note and mortgage were executed on September 2, 1999. The note requires the defendant to make payments of interest only from October 1, 1999, through September 1, 2009, when the principal balance together with any unpaid interest is due. The mortgage also requires the defendant to pay all real estate taxes assessed against the mortgaged property. In its complaint the plaintiff alleges that the defendant has defaulted in his obligations under the mortgage by failing to pay the installment of interest due on March 1, 2000, and subsequent months, and by failing to pay the installment of real estate taxes due January 1, 2000. The defendant has filed an answer and in addition six counterclaims which allege: (1) breach of contract; (2) setoff (3) recoupment; (4) violation of federal truth in lending laws; (5) violation of Connecticut truth in lending laws; and (6) violation of Connecticut's Unfair Trade Practices Act. Before the court at this time are the following motions of the plaintiff: (1) motion for summary judgment as to liability only; (2) motion to strike the defendant's counterclaims; and (3) motion to sever any counterclaims not stricken by the court.
SUMMARY JUDGMENT — STANDARD OF REVIEW
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452 (1999); see also Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424 (1999).
"Although the party seeking summary judgment has the burden of showing CT Page 5275 the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotations marks omitted.) Pion v. Southern NewEngland Telephone Co., 44 Conn. App. 657, 663 (1997).
DISCUSSION
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note. "Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51 (1999). The plaintiff has provided a copy of the promissory note given by the defendant to the plaintiff on September 2, 1999. Also submitted by the plaintiff is a copy of the mortgage deed, dated September 2, 1999, and an affidavit from the tax collector of the town of Roxbury, Conn., where the property is located, indicating that taxes have not been paid for the 1998 and 1999 grand lists. The president of the plaintiff corporation states in his attached affidavit that the note and mortgage are now in default by virtue of nonpayment of the installments due on March 1, 2000, and each month thereafter and the failure of the defendant to pay property taxes due. The defendant has submitted no evidence in opposition to the plaintiff's allegations of non payment of property taxes or interest payments. The plaintiff's evidence as to default is therefore undisputed, and the plaintiff has made out a prima facie case.
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federalv. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J.) (11 Conn. L. Rptr. 113). "A foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done." Id., citing Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bankof Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). However, the court in First Federal v. Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action." First Federal v. Kakaletris, supra, 11 Conn.L.Rptr. 113. CT Page 5276
As noted previously, a party opposing a motion for summary judgment must produce some evidence demonstrating the existence of a genuine issue of material fact. Home Ins. Co. v. Aetna Life Casualty Co., supra,235 Conn. 202.
CONCLUSION AS TO SUMMARY JUDGMENT
The plaintiff has produced sufficient evidence to prove the basic elements of a foreclosure action, and the defendant has offered no evidence in opposition to the allegations that the defendant has defaulted under the terms of the note. Consequently, the plaintiff's motion for summary judgment as to liability is granted.
MOTION TO STRIKE COUNTERCLAIM — STANDARD OF REVIEW
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted.) Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496 (1985).
The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings]. and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348 (1990). However, the court must construe the special defense or counterclaim "in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark,14 Conn. App. 651, 654 (1988). Where the facts provable under the allegations would not support a special defense or counterclaim, then the motion to strike must be granted. Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545 (1980).
The court will consider each of the counterclaims separately.
FIRST COUNTERCLAIM — BREACH OF CONTRACT
CT Page 5277
The plaintiff challenges the defendants' first counterclaim, arguing that it is insufficient because it, the breach of contract as to the terms of the alleged purchase agreement and addendum, does not arise out of the same transaction which is the subject of the complaint, i.e. the making, validity or enforcement of the note.
Practice Book § 10-10 provides, in pertinent part: "[A]ny defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book § 10-10. The test is whether "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter]claim." Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161 (1983).
"Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have its limitation. An analysis of those cases recognizing counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor . . . Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage. . . . The making of the note and the . . . subsequent default is the "transaction' at issue. (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998, Curran,J.T.R.) (22 Conn.L.Rptr. 123).
Because the first counterclaim does not arise out of the same transaction as the complaint, the motion to strike the first counterclaim is granted. This counterclaim does not arise out of the same transaction as the plaintiff's complaint because it does not properly attack the making, validity or enforcement of the note.
SECOND COUNTERCLAIM — SETOFF
The defendant alleges that he is entitled to a setoff as to any amounts the plaintiff claims owing by virtue of "services, improvements and repairs not done by the plaintiff."
"The law of setoff is governed by General Statutes § 52-139. The relevant portion of that statute provides: (a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of CT Page 5278 them, one debt may be set off against the other. . . . A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff." (Internal quotation marks omitted.) Petti v. Balance Rock Associates, 12 Conn. App. 353, 362
(1987). "A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim." Armatino v. Romano, Superior Court, judicial district of New Haven, Docket No. 283687 Conn.L.Rptr. 60, 61 (November 28, 1989, Cretella, J.), citing Finley v. Summus Corp.,
Superior Court, judicial district of New London at Norwich, Docket No. 082046 (January 6, 1986, Nash, J.).
The defendant has not alleged a liquidated debt but an unliquidated claim. Consequently, he has not alleged a setoff. The motion to strike the second counterclaim is granted.
THIRD COUNTERCLAIM — RECOUPMENT
"Recoupment is the defendant's right to cut back, reduce or overcome the plaintiff's demand. It may be for liquidated or unliquidated damages. In recoupment a defendant may cut down to the full amount of the plaintiff's claim, but may not recover for any balance due him . . . out of the same transaction." (Citations omitted.) Jewett City Trust Co. v.Gray, 35 Conn. Sup. 508, 510 (1977). "The defense of recoupment has two characteristics: (1) the defense arises out of the transactionconstituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. . . . It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuitry of actions." (Emphasis added.) Genovese v. J.N.Clapp Co., Inc., 4 Conn. App. 443, 445-46 (1985).
"Recoupment is more properly filed as a special defense and not an independent action; it is essentially a defense. . . . In recoupment, a defendant may cut down to the full amount of plaintiff's claim, but may not recover for any balance due him. . . . The test in each case must therefore be whether the pleading of the defendant is purely defensive or whether affirmative relief is demanded. . . . Although a defendant should clearly claim recoupment by special defense, and caption its allegations by way of recoupment only, . . . a counterclaim is sufficient as long as the counterclaim is within the recoupment exception. and arises out ofthe plaintiff's main cause of action." (Citations omitted; emphasis added; internal quotation marks omitted.) Vile v. Chamberlain, Superior Court, judicial district of New London at New London, Docket No. 542830 (July 1, 1999, Martin, J.).
The plaintiff claims that because the defendants have failed to allege CT Page 5279 that the counterclaim arises from the same transaction as the plaintiff's foreclosure claim, an essential element of a claim for recoupment has not been established.
The defendants have failed to allege any debts that are presently due and arise from a contract or liquidated claim.
Practice Book § 10-10 requires that a counterclaim arise out of the transaction which is the subject of the plaintiff's complaint. The claim for recoupment does not arise out of the making validity or enforcement of the note and mortgage. The recoupment claim may constitute the basis for a separate action but is not adjudicable within this foreclosure action. The motion to strike the third counterclaim is granted.
FOURTH, FIFTH AND SIXTH COUNTERCLAIM
The defendant has admitted that it has not pleaded facts showing that the plaintiff is a "creditor" within the meanings of the Federal Truth in Lending Act, 15 U.S.C. § 1602 (f) (fourth counterclaim), the Connecticut Truth In Lending Act General Statutes 36a-676 (a)(5) (fifth counterclaim). The defendant has based his CUTPA claim (sixth counterclaim) on violations of the Truth in Lending Acts. Therefore the motion to strike the fourth, fifth and sixth counterclaims is granted.
Based on the above decision the plaintiff's motion to sever is moot.
So ordered.
Cremins, J.