[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action was originally instituted in 1997 by the Savings Bank of Rockville (the "Bank") against Sharon Wielgos seeking reformation of a note that Wielgos gave the Bank, collection on that note, and for unjust enrichment. The Bank claimed that in 1987 it committed to loan Wielgos $94,000 at 8.875% to be repaid within 15 years. The note was secured by a mortgage on Wielgos' home. At the closing, however, the note executed by Wielgos provided for payments that would amortize the loan over 25 rather than 15 years. This error was not discovered by the parties until 1994. In its action, the Bank sought a reformation of the note to reflect the payments necessary to amortize the loan over 15 years, damages for Wielgos' failure to make the agreed upon payments, and unjust enrichment. Wielgos counterclaimed, claiming the Bank had violated the Truth In Lending Act ("TWA"), unjust enrichment, negligence, reformation and promissory estoppel in 1999 Wielgos refinanced her home and paid off the Bank's note. The Bank then withdrew its complaint. CT Page 8634
Trial on Wielgos' counterclaim commenced on May 23, 2001. After Wielgos rested and the Bank had begun its defense on May 24th, the Bank filed a Motion to Dismiss the counts of the counterclaim claiming a violation of the TILA, unjust enrichment, reformation and promissory estoppel on the grounds that the court lacked subject matter jurisdiction to proceed on these counts because the TILA claim was barred by the statute of limitations and the other counts were moot because Wielgos had paid off the Bank's note. Upon receipt of the Bank's Motion to Dismiss, the court suspended the trial since, "`once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver.' (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing,237 Conn. 1, 4-5, 675 A.2d 845 (1996)." Salmon v. Dept. of Public Health,58 Conn. App. 642, 649 (2000). Wielgos was giving an opportunity to file a brief in opposition to the Motion to Dismiss and oral argument on the Motion was held on June 13, 2001.
In the First Count of Wielgos' counterclaim, she alleges that the Bank violated the state TILA, Conn. Gen. Stat. § 36a-678 which adopts the provisions of the Federal Consumer Credit Protection Act,15 U.S.C. § 1601 et seq. The Bank claims that this cause of action is barred by the statute of limitations set forth in the Acts. Conn. Gen. Stat. § 36a-683 provides for certain penalties for failure to comply with the TILA and in subsection (e) states:
 Any action under this section shall be brought in any court of competent jurisdiction within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of sections 36a-675 to 36a-685, inclusive, in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action.
The Bank claims that since it has withdrawn its complaint, Wielgos' claim of violations of the TILA is barred by this statute of limitations. Wielgos claims that it is well-settled that a counterclaim survives the withdrawal of the complaint and that since the counterclaim is allowed under the Act, despite being filed more than one year after the date of the alleged violation, the counterclaim is within the applicable statute of limitations.
Ordinarily a statute of limitations claim does not involve the subject matter jurisdiction of the court but where a specific limitation on a CT Page 8635 cause of action is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter and the statute of limitations is considered substantive or jurisdictional, and not subject to waiver. Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 766 (1993).[1] Since the TWA provides for statutory rights and remedies, the statute of limitations applicable to the Act is jurisdictional.
There is no dispute that Conn. Gen. Stat. § 36a-683 (e) allows a debtor to plead a violation of the TILA defensively by way of recoupment or set-off notwithstanding the statute of limitations in an action by the creditor on the debt. In Jewett City Trust Co. v. Gray,35 Conn. Sup. 508, 509 (1977) the plaintiff commenced an action to recover the balance due on a promissory note and the defendant filed a counterclaim, by way of recoupment, claiming violations of the TILA. The plaintiff claimed that the counterclaim was barred because it was brought more than one year from the date of the occurrence of the alleged violation of the TILA. The court held that the counterclaim was not barred:
 Recoupment is the defendant's right to cut back, reduce or overcome the plaintiffs demand. It may be for liquidated or unliquidated damages. In recoupment a defendant may cut down to the full amount of the plaintiffs claim, but may not recover for any balance due him. Nickerson v. Martin, 34 Conn. Sup. 22, 28. To a claim by way of recoupment the statute of limitations has no application. "Not only does the bringing of an action stop the operation of the statute as to a proper matter of set-off, but it also seems that it revives a claim which is actually barred, but which is the proper subject of recoupment in the action, as damages growing out of the same transaction." Wood, Limitation of Actions (1st Ed.) 602; Beecher v. Baldwin, 55 Conn. 419, 432; Mulville v. Brown, 9 Conn. Sup. 387, 389; Orsi v. Hall, 8 Conn. Sup. 92, 94. "The defense of recoupment exists as long as the plaintiffs cause of action exists and may be asserted though the claim as an independent cause of action is barred by limitations." Orsi v. Hall, supra, 94; Stone v. White, 301 U.S. 532, 539.
Jewett City Trust Co. v. Gray, 35 Conn. Sup. 508, 509-510 (1977).
Citing Jewett City the Appellate Court in Genovese v. J.N. Clapp Co.,4 Conn. App. 443, 446 (1985) noted that "[r]ecoupment is available defensively as long as the plaintiffs cause of action exists. It may be asserted even though the defendant's claim, as an independent suit, is barred by the statute of limitations. Beecher v. Baldwin, [55 Conn. 419], 431; Jewett City Trust Co. v. Gray, 35 Conn. Sup. 508, 510,390 A.2d 948 (1977)." CT Page 8636
Here the counterclaim for recoupment no longer exists as a defense to a claim but as an independent action. Section 10-55 of the Practice Book specifically allows a counterclaim to survive the withdrawal of the complaint which it counters.[2] However, as a counterclaim it survives as an independent affirmative claim for relief. "`[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. See Ballentime's Law Dictionary (3d Ed.) p. 279.' Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983); see Conservation Commission v.Price, 193 Conn. 414, 433, 479 A.2d 187 (1984)." Fairfield Lease Corp.v. Romano's Auto Service, 4 Conn. App. 495, 496 (1985). It is "an independent action." United States Trust Co. v. Bohart, 197 Conn. 34, 45
(1985). The question then is whether it is now subject to the statute of limitations.
Here the defendant's claim of recoupment can clearly be asserted defensively, despite being outside the applicable statute of limitations, because of the specific provisions of Conn. Gen. Stat. § 36a-683 (e). But once the complaint was withdrawn, the defendant's claim is no longer "a matter of defense" as contemplated by the TILA and must, as an independent action, withstand the requirements that it state a cause of action and that it be brought within any applicable statute of limitations. Where recoupment has been allowed to be used affirmatively, it is subject to the operation of the statute of limitations. ZurbackSteel Corp. v. Edgcomb, 411 A.2d 153, 155 (Supreme Court of New Hampshire, 1980); 51 Am.Jur.2d Limitation of Actions § 123. "For the purpose of the statute of limitations, an action upon the subject of a counterclaim is deemed to have begun when it is filed or, where permission to do so is necessary, when a proper motion for that purpose is served on the opposing party. Id., 108-109." Pacelli Bros.Transportation, Inc. v. Pacelli, 189 Conn. 401, 413-14, 456 A.2d 325
(1983). Howard v. Robertson, 27 Conn. App. 621, 625 fn.4 (1992).
As a matter of defense, Conn. Gen. Stat. § 36a-683 (e) permits the defendant's claim despite the passing of the time provided in the applicable statute of limitations, but, as an independent action, seeking affirmative relief, it is subject to that statute. The statute provides that an action must be brought within one year from the date of the occurrence of the violation. In the First Count of the counterclaim, Wielgos alleges that on or about March 17, 1987 she applied to the Bank for a residential loan and that on May 6, 1987 the Bank provided her with a TWA statement which disclosed that her payments would be $946.43 per month for a period of 179 months and one final payment of $947.46. She also alleges that on or about June 10, 1987 she signed a note setting the CT Page 8637 payments at $780.82 per month and that the note did not indicate that the payments would not fully amortize the loan in fifteen years and that the Bank did not disclose to her the existence of a lump sum or balloon payment at the end of the fifteen year period. Therefore Wielgos claims that the Bank violated the TWA because the Bank's TWA statement did not accurately disclose the actual finance charges, the total payments contemplated under the note, and the number, amount and due dates of payments. Thus the occurrence of the violations of the TILA as alleged by Wielgos was in 1987. The failure to bring an action within the one year limitation of the TILA bars that action. See, Basham v. Finance America,Corp., 583 F.2d 918, 927 (7th Cir. 1978). The filing of Wielgos' original counterclaim in 1998 was clearly outside the statute of limitations.[3]
Therefore the First Count of her counterclaim must be dismissed.
The Bank also moves to dismiss the Second, Fourth and Fifth Counts of Wielgos' counterclaim on the grounds that her claims are moot. "Mootness implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. See Fiddelman v. Redmon, 59 Conn. App. 481, 483,757 A.2d 671 (2000)." Hechtman v. Savitsky, 62 Conn. App. 654, 657
(2001). In the Second Count of her counterclaim, Wielgos claims unjust enrichment in that the Bank has collected more interest from her than was originally provided by a properly amortized fifteen year loan at eight and seven eights percent. The Bank moves to dismiss this count on the grounds that the existence of an express contract renders this claim moot. However "unjust enrichment applies whenever `justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract . . .' 12 S. Williston, Contracts (3d Ed. 1970) § 1479, p. 272." Gagne v. Vaccaro,255 Conn. 390, 401 (2001). Therefore the fact that there may have been an express contract is not conclusive as to the unjust enrichment claim, recovery pursuant to the doctrine of unjust enrichment may still be appropriate where there is a contract but no remedy under the contract. In Gagne v. Vaccaro the Court stated:
 Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. National CSS, Inc. v. Stamford. . . . 195 Conn. 597. The doctrine's three basic requirements are that (1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiffs detriment. Bolmer v. Kocet, 6 Conn. App. 595, 612-13, 507 A.2d 129 (1986). All the facts of each case must be examined to determine whether the circumstances render it just or unjust, equitable or inequitable, CT Page 8638 conscionable or unconscionable, to apply the doctrine. Meaney v. Connecticut Hospital Assn., Inc. . . . 250 Conn. 511-12.
Id, 409.
The Court in Gagne described this process as a "highly fact-intensive inquiry." Since Wielgos' claim for unjust enrichment is not rendered moot simply by the existence of an express contract and her entitlement to any relief under that doctrine involves a factual inquiry, the Bank's Motion to Dismiss the Second Count of the counterclaim is denied.
In the Fourth Count of her counterclaim, Wielgos seeks a reformation of the note that she signed so that the $780.82 monthly payment will fully amortize the loan in fifteen years by reforming the interest rate to a nominal rate of 5.755% or such reformation as the court deems fair and equitable. The Bank moves to dismiss this count on the grounds that Wielgos' claim is moot because no practical relief can be awarded to her on this count because the mortgage and the note were paid off and released. The Bank cites Weisman v. Kasper, 233 Conn. 531 (1995) for the proposition that where a party has paid the amount demanded for release of a mortgage, it cannot claim reformation of that mortgage. There Kasper claimed reformation of the mortgage on the grounds that the terms were unconscionable. The trial court held this claim was moot because the mortgage had been released. On appeal, the Supreme Court found that Kasper could not revive this claim because of the Court's conclusion, as a matter of law, that she was under no duress when she paid off the mortgage. The Court did not address the issue of whether, simply having paid the mortgage off, rendered Kasper's claim for reformation moot even if she was under duress when she did so. Therefore the decision inWeisman is of little assistance to the court here.
Reformation is an equitable remedy. Harlach v. Metropolitan Property Liability Ins., 221 Conn. 185, 191 (1992); Derby Savings Bank v. Oliwa,49 Conn. App. 602, 603 (1998). The purpose of reformation is to "restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties . . ."Lopinto v. Haines, 185 Conn. 527, 532 (1981), quoting George BackerManagement Corporation v. Acme Quitling, 46 N.Y.2d 211, 219,385 N.E.2d 1062 (1978). But here the agreement of the parties is no longer in effect or operation, the obligations of each of the parties thereunder having been satisfied. To allow reformation of the mortgage note now, when it has been paid and the mortgage released, would be creating a fiction. Both parties agree that no longer does the note or mortgage govern the relationship of the parties. In fact, there is no present relationship between the parties subject to any existing agreement. Since no practical relief can be awarded under the claim for reformation in the Fourth Count CT Page 8639 of Wielgos' counterclaim, it is ordered dismissed.
In the Fifth Count of the counterclaim Wielgos claims promissory estoppel. Wielgos claims that the promise of the Bank to make her a loan which would fully amortize over fifteen years should be enforced. The Bank moves to dismiss this count as moot on the basis that since the note and mortgage have been paid, it is no longer possible for the Bank to be estopped from claiming an amount which is at variance with the agreement. Generally, promissory estoppel lies where there is no written contract or where the contract cannot be enforced. Lark v. Post NewsweekStations, Conn., 1995 Ct. Sup. 9480 (1995). Here the parties agree that there is a written agreement but that it does not reflect the actual agreement entered into by the parties. The purpose of promissory estoppel is to enforce the actual agreement of the parties. "Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise."Finley v. Aetna Life Casualty Co., 202 Conn. 190, 205 (1987) (citations omitted). Therefore the fact that the written agreement may no longer be enforceable or of any effect does not render Wielgos' claim for damages on the basis of promissory estoppel moot. The Bank's Motion to Dismiss the Fifth Count of the Counterclaim is denied.
In conclusion, the Bank's Motion to Dismiss is granted as to the First and Fourth Counts of the Counterclaim and denied as to the Second and Fifth Counts.
 _____________________ SCHOLL, JUDGE